FLOYD MASON, Appellant, *v.* LYLE MASON and Others, Defendants, Impleaded with MARY MASON, Individually and as Administratrix, etc., of WALTER MASON, Deceased, Respondent.

Fourth Department, March 16, 1927.

Partition — reference — order of reference directed referee to hear, try and determine issues — reference was considered by parties as one to take and report testimony and referee did not make recommendations — plaintiff moved for order confirming report — practice of court in remitting report to referee with instructions to file new report is disapproved — court should have confirmed report or disregarded findings in part or in toto and made new or different findings.

In this action for partition, in which some of the parties are infants, the order of reference directed the referee to hear, try and determine the issues, but the referee merely reported the evidence without recommendations or directions and the reference was considered by the parties as one to take and report testimony merely for the advice of the court. The court sustained objections to the report, denied a motion to confirm and for interlocutory judgment, and remitted the report to the referee with instructions to file a new report in conformity with the memorandum of the court. This practice is disapproved by the Appellate Division.

The reference being one to take testimony and report back, the court should have, upon the coming in of the report, either confirmed it or disregarded the findings of the referee in part or *in toto*, and made new or different findings. The findings thus made would have furnished the basis for an interlocutory judgment.

APPEAL by the plaintiff, Floyd Mason, from an order of the County Court of the county of Erie, entered in the office of the clerk of said county on the 9th day of November, 1926, denying plaintiff's motion to confirm the referee's report and for an interlocutory judgment in an action for partition.

*Glenn H. Adams,* for the appellant.

*Howard F. Cunningham,* for the respondent.

PER CURIAM. This is a partition action in which there are infant defendants. An adult defendant interposed an answer putting in issue material allegations of the complaint with reference to the rights of the parties. There was no demand for a jury trial under section 1023 of the Civil Practice Act. Upon a motion

(probably) made by the plaintiff, no notice of motion appearing in the record, a reference was ordered by the court, without objection, " to hear, try and determine the issues herein, to ascertain and report the rights, shares and interests of the several parties to this action in the property described in the complaint and of which a partition is sought, and to report whether said property, or any part thereof, is so circumstanced that partition thereof cannot be made."

The report of the referee which was filed contained findings of fact as to the interests of the parties and a statement that actual partitioning was impracticable; and annexed to it was an abstract of instruments of conveyance, together with the testimony taken. But the report contained no recommendations or directions. Upon a motion *made by the plaintiff* for an order confirming the referee's report and for an interlocutory judgment of partition and sale, the court made an order — from which plaintiff has appealed — sustaining the exceptions of the adult defendant Mary Mason to the report of the referee; and the motion to confirm the report was denied and the report remitted to the referee with instructions to make and file a new report in conformity with a memorandum filed by the court. This memorandum disagreed with the findings of the referee as to the interests of the parties in material particulars.

Considering all the circumstances presented by the record, this was a reference to aid the conscience of the court, to take testimony and report back, and was so treated by all parties, until plaintiff appealed and made the claim that the reference was one to hear, try and determine. We do not approve the practice pursued by the court after the report was filed and the motion made to confirm. Upon the coming in of such a report the court should confirm it, or disregard the findings of the referee in part or *in toto* and make new or different findings; and all the findings thus made should furnish the basis for the interlocutory judgment.

The order should be reversed, without costs to any party, and the matter remitted to the County Court of Erie county to proceed in accordance with the views expressed in this opinion.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Order reversed, without costs, and matter remitted to the County Court for further action.